## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Peter O. Hughes, Esq.
Jason W. Isom, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Peter.Hughes@ogletreedeakins.com
Jason.Isom@ogletreedeakins.com
Attorneys for Defendant
Virtusa Corporation (improperly pled as "Virtusa")

---------------------------------------------------------

|  |  |
|---|---|
| LEO SUGG, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | Hon. _____ <br> Civil Action No. _____ <br><br> *Civil Action* |
| Plaintiffs, |  |
|  | **NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION** |
| v. |  |
| VIRTUSA, | **Document Filed Electronically** |
| Defendant. |  |

---------------------------------------------------------

**TO:   CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Jonathan Rudnick, Esq.
Law Offices of Jonathan Rudnick, LLC
788 Shrewsbury Avenue
Tinton Falls, New Jersey 07724
*Attorney for Plaintiff*

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex

6th Floor North Wing
P.O. Box 971

Clerk, Superior Court of New Jersey
Law Division – Monmouth County
71 Monument Park
Freehold, NJ 07728-1266

**HONORABLE JUDGES:**

Attorneys for Defendant Virtusa Corporation (improperly pled as "Virtusa") (hereinafter "Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the District of New Jersey, and as grounds, therefore, show as follows:

**I.   TIMELINESS OF REMOVAL**

1.   On or about February 28, 2018, Plaintiff Leo Sugg ("Plaintiff") filed a civil action in the Superior Court of New Jersey, Monmouth County, Law Division entitled *Leo Sugg, et al. v. Virtusa*, Docket No.: MON-L-727-18 (hereinafter referred to as the "State Court Action"). A copy of the Summons, Complaint, and Case Information Statement is attached as **Exhibit A**.

2.   Defendant was served with a copy of the Summons, Complaint, and Case Information Statement on March 20, 2018.

3.   Accordingly, pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal has been timely filed within 30 days after service of the State Court Action.

4.   Virtusa is the only named defendant.

5.   As set forth in more detail below, the removing Defendant does not waive or intend to waive, any defenses it might have.

**II.   VENUE**

6.   The New Jersey Superior Court, Monmouth County is located within the Trenton Division of the District of New Jersey. 28 U.S.C. § 110. Therefore, venue is proper in this Court

2

because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states…."

#### A. Amount in Controversy

8. In the Complaint, Plaintiff alleges breach of contract, race discrimination, age discrimination, and seeks injunctive relief seeking to invalidate Defendant's Non-Compete Agreements on behalf of himself and other similarly situated individuals. (*See* Complaint, Ex. A).

9. Plaintiff seeks compensatory damages, including but not limited to lost income, punitive and statutory damages, statutory penalties, attorney's fees and other costs of suit, injunctive relief, in addition to any such other relief determined just and equitable by the Court. (*See* Complaint ¶¶ 28, 7(E), Ex. A).

10. Specifically, Plaintiff seeks to recover: (1) a $36,000 bonus allegedly earned in 2016; (2) an unidentified bonus allegedly earned in 2017; (3) unidentified "compensation commitments," which are based on the "tens of millions in account revenue plaintiff generated for [Virtusa] during his tenure;" and (4) restricted stock units, which Defendant values at $354,895.87[1] as of April 13, 2018. (*See* Complaint ¶¶ 8-9, Ex. A).

---

[1] Based on Defendants' internal calculations.

11. In addition, Plaintiff seeks to recover for Defendant's alleged failure to pay "appropriate wages and compensation," in addition to any front pay and back pay payable under New Jersey's Law Against Discrimination, *N.J.S.A.* 10:5-12 *et seq*. The value of the foregoing damages may be substantial given that Plaintiff's annual salary at the time of his termination was approximately $226,600 base and target bonus of $123,600. (*See* Complaint ¶ 16, Ex. A).

12. Accordingly, based on the allegations of the Complaint, it is respectfully submitted that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

**B. Diversity of Citizenship**

13. On information and belief, Plaintiff is a citizen of the State of New Jersey. (*See* Complaint ¶ 1).

14. Virtusa is incorporated in the state of Delaware and has a principal place of business in Westborough, Massachusetts. As such, Virtusa is a citizen of the states of Massachusetts and Delaware.

15. Pursuant to 28 U.S.C. § 1332(c)(1), full diversity exists among all parties in this action since Defendant is incorporated and maintains its respective principal place of business in a different state from the state in which Plaintiff resides. No other parties have been named other than fictitious names and no other entities have been served.

**IV. BASIS FOR REMOVAL – CLASS ACTION FAIRNESS ACT ("CAFA")**

16. The Court has jurisdiction pursuant to CAFA, which amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by granting United States District Courts original jurisdiction over any class action that satisfies the following criteria: (a) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a State different from any

defendant. 28 U.S.C. § 1332(d)(2)(A); (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6); and (c) the proposed class of plaintiffs consists of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B).

### A. **Minimal Diversity**

17. Under 28 U.S.C. § 1332(d)(2)(A), "minimal diversity" exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. By Plaintiff's admission, he is a resident of the State of New Jersey, and purports to bring the action on behalf of a class of "all of the employees who signed a noncompetition agreement and were hired by [Virtusa]." (Compl. Count I, ¶ 1; Count II, ¶ 1).

19. As such, Plaintiff seeks to represent a class of individuals that consists of not only New Jersey citizens, but also citizens of other states in which Virtusa has existing employees and/or former employees subject to non-compete agreements.

20. Virtusa is incorporated in the state of Delaware and has a principal place of business in Westborough, Massachusetts. As such, Virtusa is a citizen of the states of Massachusetts and Delaware.

21. Accordingly, on the face of the Complaint, CAFA's "minimal diversity" requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

### B. **Amount in Controversy**

22. The amount in controversy exceeds $5 million because the number of class members is approximately 3,500 in the United States and the invalidation of Virtusa's non-competes for these employees will result in irreparable financial harm to its business.

23. Virtusa services Forbes Global 2000 companies throughout the world by providing IT consulting, business consulting, systems implementation, and application outsourcing services to large companies throughout the world.

24. If Virtusa's non-compete agreements with the putative class members are invalidated, its current and former employees will be free to solicit and retain its existing clients on behalf of themselves (or Virtusa's competitors) without consequence. This would have an immediate, catastrophic effect on Virtusa's business in excess of $5 million.

25. Therefore, the amount in controversy exceeds $5 million pursuant to 28 U.S.C. § 1332(d)(2), (d)(6).

### C. Number of Class Members

26. CAFA's requirement of 100 class members is satisfied. 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to bring this action on behalf of "all of the employees who signed a noncompetition agreement and were hired by [Virtusa]." (Compl. Count II, ¶ 1).

27. Based on a review of each of the Defendants' business records, the putative class, as defined by Plaintiff's Complaint, includes approximately 3,500 persons.

28. Therefore, this action is a class action pursuant to 28 U.S.C. § 1332(d)(5)(B).

### V. CONCLUSION

29. To date, the removing Defendant has not filed responsive pleadings in the State Court Action, and no other proceedings have transpired in that action.

30. This action is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441. The amount in controversy exceeds $75,000. The removing Defendant is a citizen of the state of Massachusetts, and Plaintiff is a citizen of New Jersey. As such, there is complete diversity of citizenship.

31. This action is also properly removable pursuant to CAFA. 28 U.S.C. §§ 1332(d). The parties meet the statutory requirements for "minimal diversity," the amount in controversy exceeds $5 million, and the putative class members exceed 100. As such, this matter is properly removal under CAFA.

32. The removing Defendant has not previously sought similar relief.

33. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served upon Plaintiff and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Monmouth County, New Jersey. A copy of the Notice to State Court of Notice of Removal is attached as **Exhibit B**.

34. By removing this matter, the removing Defendant does not waive or intend to waive, any defenses it might have and reserves the right to assert all defenses herein unless previously waived.

35. If any questions arise concerning the propriety of this removal, the removing Defendant requests that it be allowed to file a brief supporting removal and be heard in oral argument. *See Dart Cherokee Basin Operator Co., LLC v. Owens*, 135 S.Ct. 547, 550 (2014).

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Monmouth County, Law Division to the United States District Court for the District of New Jersey.

                Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendant
Virtusa Corporation
(improperly pled as "Virtusa")

By:   /s/ Peter O. Hughes
       Peter O. Hughes, Esq.
       10 Madison Avenue, Suite 400
       Morristown, New Jersey 07960
       Telephone: (973) 656-1600
       Facsimile: (973) 656-1611
       Peter.Hughes@ogletreedeakins.com

Date:   April 19, 2018

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Peter O. Hughes, Esq., counsel for Defendant, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

By: /s/ Peter O. Hughes
Peter O. Hughes, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Peter.Hughes@ogletreedeakins.com

Date: April 19, 2018

33757429.1