

# The Law Office of Jonathan Rudnick, LLC

www.consumer-attorney.com

Jonathan Rudnick, Esq.
jonr@jonrudlaw.com
Fax: 732-879-0213

788 Shrewsbury Avenue
Building 2, Suite 204
Tinton Falls, New Jersey 07724

732.842.2070
Secondary Fax: 732.530.7547

March 8, 2018

**VIA CERTIFIED MAIL, R.R.R. AND REGULAR MAIL**
**VIRTUSA**
**2000 West Park Drive**
**Westboro, MA 01581**

Re:  Sugg, et al. vs. Virtusa, et al.
     Docket No. MON-L-727-18
     Our File No. 14222

Dear Sir/Madam:

Enclosed herewith please find an original and one copy of a Summons, together with one copy of a filed Complaint, in connection with the above-entitled matter. Upon reading the Summons, you will note that you have thirty-five (35) days within which to file an Answer to the charges made in the Complaint.

Service is being made upon you through the mail under the authority of R: 4:4-4 of the Rules Governing the Courts of the State of New Jersey.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

JONATHAN RUDNICK

JR:mcl
Encs.
Certified Mail No. 9590 9402 1474 5329 6463 93, R.R.R.

**Personal Injury**        **Consumer Law**        **Employment Law**

LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVENUE
BLDG. 2, SUITE 204
TINTON FALLS, NJ 07724
(732) 842-2070
ATTORNEYS FOR PLAINTIFF
OUR FILE NO. 14222

| | |
|---|---|
| LEO SUGG, et al.,<br><br>Plaintiffs,<br><br>Vs.<br><br>VIRTUSA, et al.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:MONMOUTH COUNTY<br><br>DOCKET NO. MON-L-727-18<br><br>CIVIL ACTION<br><br>SUMMONS |

From the State of New Jersey

To the Defendant(s) Named Above:     **VIRTUSA**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the County Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this Summons, not counting the date you received it. (The address of each County Deputy Clerk of the Superior Court is provided.) A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Monmouth County Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed.

    You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith/s*
MICHELLE   SMITH,   Acting   Clerk
Superior Court

DATED:   March 7, 2018

NAME(S) and ADDRESS(ES) OF DEFENDANT(S) TO BE SERVED:

**VIRTUSA**
**2000 West Park Drive**
**Westboro, MA 01581**

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division, Direct Filing<br>Atlantic County Civil Court Bldg.<br>First Floor<br>1201 Bacharach Boulevard<br>Atlantic City, NJ 08401<br>(609) 345-6700<br>LAWYER REFERRAL<br>(609) 345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Cumberland County Courthouse<br>Broad & Fayette Streets<br>P.O. Box 615<br>Bridgeton, NJ 08302<br>(856) 451-8000<br>LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 | **MERCER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Local Filing Office, Courthouse<br>175 South Broad St., P.O. Box 8068<br>Trenton, NJ 08650<br>(609) 278-7986<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **SALEM COUNTY:**<br>Deputy Clerk of the Superior Court<br>Salem County Courthouse<br>92 Market Street<br>P.O. Box 18<br>Salem, NJ 08079<br>(856) 935-7510<br>LAWYER REFERRAL<br>(856) 935-5628<br>LEGAL SERVICES<br>(856) 451-0003 |
| **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Case Processing Section, Room 119<br>Bergen County Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>(201) 646-2800<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>50 West Market Street, Room 131<br>Newark, NJ 07102<br>(973) 693-5700<br>LAWYER REFERRAL<br>(973) 622-6207<br>LEGAL SERVICES<br>(973) 624-4500 | **MIDDLESEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Middlesex Administration Building,<br>3rd Floor<br>1 Kennedy Square, P.O. Box 2633<br>New Brunswick, NJ 08903-2633<br>(732) 981-3200<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 | **SOMERSET COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>New Courthouse, 3rd Floor<br>P.O. Box 3000<br>Somerville, NJ 08876<br>(908) 231-7000<br>LAWYER REFERRAL<br>(908) 685-2323<br>LEGAL SERVICES<br>(908) 231-0840 |
| **BURLINGTON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Central Processing Office<br>Attn: Judicial Intake<br>Burlington County Court Facility,<br>First Floor<br>49 Rancocas Road<br>Mount Holly, NJ 08060<br>(609) 518-2500<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Floor, Court House<br>1 North Broad Street, P.O. Box 129<br>Woodbury, NJ 08096<br>(856) 853-3200<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 | **MONMOUTH COUNTY:**<br>Deputy Clerk of the Superior Court<br>Monmouth County Courthouse<br>71 Monument Park<br>P.O. Box 1260<br>Freehold, NJ 07728-1260<br>(732) 677-4210<br>LAWYER REFERRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **SUSSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Sussex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>(973) 579-0675<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **CAMDEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Processing Office<br>First Floor, Hall of Records<br>101 South Fifth Street<br>Camden, NJ 08103<br>(856) 225-5000<br>LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 | **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Records Dept.<br>Brennan Courthouse, First Floor<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>(201) 795-6000<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 | **MORRIS COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>30 Schuyler Place, P.O. Box 910<br>Morristown, NJ 07960-0910<br>(973) 656-4110<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **UNION COUNTY:**<br>Deputy Clerk of the Superior Court<br>Union County Courthouse<br>2 Broad Street, First Floor<br>Elizabeth, NJ 07207-6073<br>(908) 659-4100<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Court<br>Cape May County Courthouse<br>9 North Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210<br>(609) 465-1000<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **HUNTERDON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822<br>(908) 788-1589<br>LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 | **OCEAN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Courthouse, Room 119<br>118 Washington Street<br>Toms River, NJ 08754<br>(732) 244-2121<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **WARREN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Warren County Courthouse<br>413 Second Street<br>Belvidere, NJ 07823-1500<br>(908) 475-6161<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |
| | | **PASSAIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Passaic County Court House<br>77 Hamilton Street<br>Paterson, NJ 07505<br>(973) 247-8000<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 345-7171 | |

31 - Summons - Law or Chancery Divisions<br>
Superior Court - Appendix XII-A<br>
Rev. 9/3/02   P1/04

Powered by HotDocs

Printed by ALL-STATE LEGAL®<br>
A Division of ALL-STATE International, Inc.<br>
www.aslegal.com   800.222.0510   Page 2

THE LAW OFFICE OF JONATHAN RUDNICK, L.L.C.
ATTORNEY I.D. NO. 034721990
788 SHREWSBURY AVENUE
BUILDING 2, SUITE 204
TINTON FALLS, N.J. 07724
732-842-2070
FAX: 732-879-0213

| | |
|---|---|
| LEO SUGG, INDIVUDUALLY AND ON BEHALF OF OTHERS SIMILARY SITUATED<br><br>    Plaintiffs,<br><br>Vs.<br><br>VIRTUSA, JOHN DOES 1-10,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

The plaintiff, Leo Sugg, individually and on behalf of others similarly situated residing in Monmouth County New Jersey states by way of complaint against the defendants as follows:

## COUNT I

## INDIVIDUAL CLAIMS

1. The plaintiff, Leo Sugg, is a legal resident of the state of New Jersey.

2. The plaintiff was employed by the defendant as an at-will employee for significant period of time.

3. The plaintiff signed an agreement when he was hired setting forth and describing the nature and extent of his compensation.

4. New Jersey law implies an obligation of good faith and fair dealings in each and every contract between the parties. See *Wilson v. Amerada Hess Corp.*, 168 N.J. 236 (2001).

5. The defendant failed to comply with this mandate required by the New Jersey Supreme Court.

6. The defendant breached this agreement with regard to payment of monies to the plaintiff for compensation.

7. The defendant failed to pay the plaintiff an appropriate amount of money based on his commission package.

8. The plaintiff was entitled to receive the approximately $36,000 earned bonus from the first half of Virtusa Fiscal Year 2017, which was payable in December 2016, but converted to RSU grants instead of being paid when due.

9. The plaintiff also was entitled to receive the bonus payable for fiscal year 2018. The plaintiff was also entitled to receive anticipated RSU grants, the grant date for which was April 2014, and were to be determined during the period from calendar year 2014 through 2018, which were never received.

10. Further, Virtusa has reneged on compensation commitments, particularly given the tens of millions in account revenue plaintiff generated for the firm during his tenure, representing significant gross margin profit at the account level.

11. The defendant unilaterally, without basis, and intentionally deprived the plaintiff of just and agreed upon compensation for which the plaintiff is entitled under the compensation agreement.

12. The defendant failed to pay proper wages.

13. The plaintiff put the defendant on notice on or about September 14, 2017. **Exhibit A.**

14. The plaintiff has attempted to obtain his proper compensation without litigation.

15. The plaintiff sent a follow-up letter in November 30, 2017. **Exhibit B.**

16. The defendant has ignored the requests of the plaintiff to pay appropriate wages and compensation as agreed between the parties.

17. The defendant has intentionally and willfully breached the agreement between the parties, acted in bad faith with regard to the agreement in effect between the parties causing the plaintiff damages for which of the defendant is obligated to pay.

18. There was no reason and certainly no reason made available to the plaintiff for non-payment.

19. The defendant acted in bad faith with regard to the performance and execution of the contract between the parties pertaining to pay and compensation.

20. The plaintiff also believes and asserts that he was discriminated against while he was employed by the defendant because he was not of **Indian** descent and he was **older** contrary to New Jersey Law Against Discrimination.

21. When the plaintiff was hired by the defendant the plaintiff was required to and did sign a confidentiality, nondisclosure agreement not to compete.

22. The plaintiff believes and asserts that a provision of the agreement is unconscionable and unenforceable.

23. The non-compete provision of contains a **worldwide** prohibition on working in competing businesses.

24. This is neither reasonable in scope or time and as such is unenforceable

25. The plaintiff believes and asserts that all the defendant's employees hired by the defendant are required to, and in fact sign such an agreement being an identical agreement.

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

26. All of the defendant's employees are required to sign this agreement containing the identical noncompetition, nondisclosure, noncompete provisions.

27. The defendant has been unjustly enriched by the defendants conduct because

    (1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it. *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 723–24 (D.N.J. 2011).

28. The plaintiff asserts that all the agreements containing these noncompete provisions are unenforceable as they are all unreasonable in time and scope.

    **Wherefore, the plaintiff demands judgment against the defendants with interest and costs of the suit with punitive damages, attorney's fees, triple damages and any other relief deemed appropriate by the court.**

## COUNT II

## Class Action

## OVERREACHING NON-COMPETE AGREEMENT

## INJUNCTIVE CLASS R: 4:32(1)(B)(2)

1.  Plaintiff included by reference the facts as set forth above as part of the allegations. The plaintiff asserts that the defendant has utilized unenforceable noncompetition agreement as part of an agreement which all employees are required to sign.

CLASS DEFINITION (CLASS 1): All of the employees who signed a noncompetition agreement and were hired by the defendant are class members. The class is an injunctive class because the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. See R: 4:32-1(b)(2)

2.  TIME PERIOD: At a minimum from the date of the transaction to the same date 6 years. However, the defendant dealer has been concealing certain information and as such the class period could be greater.

3.  NUMEROSITY: The members of the proposed class, being geographically disbursed and numbering in hundreds or thousands are so numerous that joining all of them is impracticable.

4. **TYPICALITY:** Plaintiffs' claims are typical of class members claims, as the individual plaintiff signed a non-compete with the defendant. The plaintiff, by proving her claim, will be able to presumptively prove the claims of all class members.

5. **ADEQUACY OF REPRESENTATION:** Plaintiffs can and will adequately represent and protect the class interests of the class and has no interest that conflicts with or are antagonistic to the interest of the other class members. Plaintiff has retained attorneys who are compete and experienced in class action litigation. No conflict exists between plaintiffs and the other class members because:

A. The claims of the named plaintiff are typical of the absent class members claims;

B. Any claims which plaintiff asserts against the defendant are solely related to the individual transaction as hereinafter alleged can be resolved without any prejudice to the class members. Such claims can be effectively severed, tried separately or otherwise effectively and efficiently case managed by the trial court. Such separate claims are set forth-in previous counts of the complaint listed hereto.

C. All questions of law or fact regarding the liability of the defendant are common to the class and are overwhelmingly predominant over any individual issues, which may exist.

D. Without class representation provided by plaintiffs virtually no class members would receive legal representation or redress for their injuries.

E. Plaintiff's counsel has the necessary financial resources to adequately and vigorously litigate this class action.

F. Plaintiffs and class counsel are aware of the fiduciary responsibilities to class members and determined diligently to discharge those duties by vigorously seeking the maximum possible class recovery.

6. **QUESTIONS OF LAW AND FACT:** Virtually all the issues of law and fact in this class action are common issues to the class that include the following:

**COMMON QUESTIONS OF LAW AND FACT**

- What standard agreement was signed by all employees when hired by the defendant?

- What were the standard noncompete provisions contained in the employment agreement?
- Are the time and scope provisions which are part of the noncompete provisions reasonable in time and scope?
- Does NJ law apply?

7. <u>SUPERIORITY:</u> Class action is superior to any other available method for fair and efficient adjudication of this controversy given;

A. Questions of Law and Fact overwhelmingly predominate over any individual questions that may arise, resulting in enormous economies to the Court and parties in litigating the common issues on a class wide instead of a repetitive individual basis.

B. The relative small size of each class members individual damage claim which is to small to make an individual litigation an economically viable alternative such that a practicable matter there is no alternative means of adjudication in the class action;

C. Few class members have any interest in individually controlling the prosecution of separate actions;

D. Despite the relatively small size of individual class member claims, their aggregate volume coupled with economies of scale inherent in litigating similar claims on a common basis will enable this class action to be litigated on a cost-effective basis, especially compared with repetitive individual litigation;

E. No unusual difficulties are likely to be encountered in management of the class action.

**WHEREFORE, the plaintiff demands a permanent injunction/injunctive relief prohibiting the defendants from placing the noncompetition agreement and any and all employee agreements utilized by the defendants and prohibiting the defendants from enforcing the noncompetition agreement going forward. Plaintiff also demands any other injunctive and or equitable relief, or any relief deemed appropriate by the court.**

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six (6) jurors as to all issues raised in these pleadings.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that JONATHAN RUDNICK, ESQ., is hereby designated trial counsel.

## CERTIFICATION

I hereby certify that, pursuant to R. 4:5-1(b)(2), this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration, nor is any action or arbitration proceeding contemplated.

THE LAW OFFICE OF JONATHAN RUDNICK, LLC
Attorneys for Plaintiff

BY: /s/ Jonathan Rudnick
JONATHAN RUDNICK, ESQ.
Attorney ID No. 0347241990

Dated: February 28, 2018



# The Law Office of Jonathan Rudnick, LLC

www.consumer-attorney.com

Jonathan Rudnick, Esq.
jonr@jonrudlaw.com
Fax: 732-879-0213

788 Shrewsbury Avenue
Building 2, Suite 204
Tinton Falls, New Jersey 07724

732.842.2070
Secondary Fax: 732.530.7547

September 14, 2017

Tracy Smith
Virtusa Inc
2000 W Park Drive
Westboro, MA 01581

Re:   Sugg v. Virtusa

Dear Ms. Smith:

Please be advised that I represent the interests of Leo Sugg with regard to his employment with Virtusa. I have reviewed the separation and release agreement and other documents including his letter of intent dated April 27, 2014, and the noncompetition and nondisclosure agreement.

Initially, I would note that upon review of the noncompetition, nondisclosure agreement I would submit that the document is null and void as it is unreasonable in its time and scope. It places a **worldwide** restriction with regard to employment and or business opportunities with my client. This cannot be deemed reasonable in any way. Thus, not only would this agreement be null and void, but all noncompetition, nondisclosure agreements null and void for all of Virtusa employees.

Be advised that we have currently complied with the terms and conditions of this noncompetition agreement however, we are considering all of our options including but not limited to considering the agreement null and void. I have reviewed the governing law, venue provision and would submit that New Jersey has a greater interest in this matter as my client has never even traveled to Massachusetts while employed or during the pre-employment phase by Virtusa. Thus, the issues are being addressed under New Jersey law since I do not deem paragraph 17 enforceable.

Be further advised my client feels as though he is subject to unfair treatment and discrimination regarding other co-employees who are of Indian descent and younger in age. On several occasions it was commented that my client does not look the part of somebody who is selling IT services. My client directly took that to mean he did not look Indian (or Sri Lankan) and as such is not appropriately employed. Other anecdotal and casual incidents further buttress my client's assertions that your company discriminated against him with regard to his removal. I have been advised that the reason for reduction in the revenue in the single account for which my client

**Personal Injury**       **Consumer Law**       **Employment Law**



**The Law Office of Jonathan Rudnick, LLC**

was responsible was only due to the fact that AIG was significantly cutting back on their IT spending. Thus, no fault can be attributable to my client, no other significant revenue accounts were offered to my client, and it is clear that your company removed my client to place his responsibilities with someone younger and of Indian descent.

As to the separation and release agreement as it is written, my client has no intention of signing same. I have reviewed section 6, which addresses choice of law/forum and it appears as though my client would have a choice to litigate in Massachusetts, which buttresses my argument that the choice of law/forum in the nondisclosure agreement is in fact unenforceable. I would also submit that even offering my client a contract to waive his rights regarding and class action waiver is against public policy. My client has no intention of signing any agreement with any class action waiver. As I previously stated it already appears as though there is a class of individuals who have signed a noncompetition agreement for which a class could be created.

My client expects to receive the approximately $36,000 earned bonus from the first half of VRTU Fiscal Year 2017, which was payable in December 2016, but converted to RSU grants instead of being paid when due. My client also expects to receive the bonus payable for fiscal year 2018. My client would also expect to receive anticipated RSU grants, the grant date for which was April 2014, and were to be determined during the period from calendar year 2014 through 2018. Further, it is astonishing that a publicly traded firm like VRTU has reneged on compensation commitments, particularly given the well over $130 million in account revenue my client generated for the firm during his tenure, representing in excess of $70 million in account level profit.

Sincerely

JONATHAN RUDNICK ESQ.



# The Law Office of Jonathan Rudnick, LLC

www.consumer-attorney.com

Jonathan Rudnick, Esq.
jonr@jonrudlaw.com
Fax: 732-879-0213

788 Shrewsbury Avenue
Building 2, Suite 204
Tinton Falls, New Jersey 07724

732.842.2070
Secondary Fax: 732.530.7547

November 30, 2017

Tracy Smith
Virtusa Inc
2000 W Park Drive
Westboro, MA 01581

Re: Sugg v. Virtusa
Re: **Initial Claim Letter Follow Up**

Dear Ms. Smith:

I have received no response to my initial claim letter dated 9/14/17 which I have attached for your review. If I receive no response in 15 days I will move forward with other options.

Sincerely

JONATHAN RUDNICK ESQ.

**Personal Injury**      **Consumer Law**      **Employment Law**



# The Law Office of
# Jonathan Rudnick, LLC

www.consumer-attorney.com

Jonathan Rudnick, Esq.
jonr@jonrudlaw.com
Fax: 732-879-0213

788 Shrewsbury Avenue
Building 2, Suite 204
Tinton Falls, New Jersey 07724

732.842.2070
Secondary Fax: 732.530.7547

September 14, 2017

Tracy Smith
Virtusa Inc
2000 W Park Drive
Westboro, MA 01581

Re:   Sugg v. Virtusa

Dear Ms. Smith:

Please be advised that I represent the interests of Leo Sugg with regard to his employment with Virtusa. I have reviewed the separation and release agreement and other documents including his letter of intent dated April 27, 2014, and the noncompetition and nondisclosure agreement.

Initially, I would note that upon review of the noncompetition, nondisclosure agreement I would submit that the document is null and void as it is unreasonable in its time and scope. It places a **worldwide** restriction with regard to employment and or business opportunities with my client. This cannot be deemed reasonable in any way. Thus, not only would this agreement be null and void, but all noncompetition, nondisclosure agreements null and void for all of Virtusa employees.

Be advised that we have currently complied with the terms and conditions of this noncompetition agreement however, we are considering all of our options including but not limited to considering the agreement null and void. I have reviewed the governing law, venue provision and would submit that New Jersey has a greater interest in this matter as my client has never even traveled to Massachusetts while employed or during the pre-employment phase by Virtusa. Thus, the issues are being addressed under New Jersey law since I do not deem paragraph 17 enforceable.

Be further advised my client feels as though he is subject to unfair treatment and discrimination regarding other co-employees who are of Indian descent and younger in age. On several occasions it was commented that my client does not look the part of somebody who is selling IT services. My client directly took that to mean he did not look Indian (or Sri Lankan) and as such is not appropriately employed. Other anecdotal and casual incidents further buttress my client's assertions that your company discriminated against him with regard to his removal. I have been advised that the reason for reduction in the revenue in the single account for which my client

**Personal Injury**          **Consumer Law**          **Employment Law**



# The Law Office of
## Jonathan Rudnick, LLC

was responsible was only due to the fact that AIG was significantly cutting back on their IT spending. Thus, no fault can be attributable to my client, no other significant revenue accounts were offered to my client, and it is clear that your company removed my client to place his responsibilities with someone younger and of Indian descent.

As to the separation and release agreement as it is written, my client has no intention of signing same. I have reviewed section 6, which addresses choice of law/forum and it appears as though my client would have a choice to litigate in Massachusetts, which buttresses my argument that the choice of law/forum in the nondisclosure agreement is in fact unenforceable. I would also submit that even offering my client a contract to waive his rights regarding and class action waiver is against public policy. My client has no intention of signing any agreement with any class action waiver. As I previously stated it already appears as though there is a class of individuals who have signed a noncompetition agreement for which a class could be created.

My client expects to receive the approximately $36,000 earned bonus from the first half of VRTU Fiscal Year 2017, which was payable in December 2016, but converted to RSU grants instead of being paid when due. My client also expects to receive the bonus payable for fiscal year 2018. My client would also expect to receive anticipated RSU grants, the grant date for which was April 2014, and were to be determined during the period from calendar year 2014 through 2018. Further, it is astonishing that a publicly traded firm like VRTU has reneged on compensation commitments, particularly given the well over $130 million in account revenue my client generated for the firm during his tenure, representing in excess of $70 million in account level profit.

Sincerely

JONATHAN RUDNICK ESQ.

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-000727-18

**Case Caption:** SUGG LEO VS VIRTUSA
**Case Initiation Date:** 03/01/2018
**Attorney Name:** JONATHAN S RUDNICK
**Firm Name:** JONATHAN RUDNICK, LLC
**Address:** 788 SHREWSBURY AVE BLDG 2, STE 204
TINTON FALLS NJ 07724
**Phone:**
**Name of Party:** PLAINTIFF : SUGG, LEO
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** TORT-OTHER
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/01/2018                                        /s/ JONATHAN S RUDNICK
Dated                                             Signed