CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

April 30, 2019

**LETTER OPINION & ORDER**

VIA CM/ECF
All counsel of record

Re: *Sugg v. Virtusa Corp.*
Civil Action No. 18-8036 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court on Defendant Virtusa Corp.'s ("Defendant") Motion to Dismiss and Motion to Strike Portions of the Complaint ("Motion"). (ECF No. 11.) Plaintiff Leo Sugg ("Plaintiff") opposed (ECF No. 14), and Defendant replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss and Strike Portions of the Complaint.

**I. Background**

The parties are familiar with the factual and procedural history of this matter and, therefore, the Court only includes those facts necessary to resolve the Motion.[1] Plaintiff initiated this putative class action in New Jersey Superior Court, Monmouth County, Law Division, and on April 19, 2018, Defendant removed the matter to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Plaintiff filed a First Amended Complaint ("FAC") on July 11, 2018. (FAC, ECF No. 7.)

Plaintiff's FAC contains three counts, the first two counts are brought on behalf of Plaintiff and the putative class and the third, as an individual count, specifically: (i) discrimination on the basis of race, in violation of 42 U.S.C. § 1981 because Defendant prefers hiring and promoting

---

[1] For the purposes of the Motion, the Court accepts all factual allegations in the First Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

South-Asians, (ii) an unenforceable and unconscionable non-competition agreement,[2] and (iii) breach of contract and unjust enrichment. (FAC ¶ 45-56.) Plaintiff alleges that Defendant has an intentional general pattern and practice of discriminating against non-South Asians. (*Id.* ¶ 15.) Plaintiff states that Defendant terminated his employment and his replacement was South-Asian. (*Id.* ¶ 33.) Plaintiff also points to Defendant's visa application practices as evidence of an intent to discriminate based on race. (*Id.* ¶¶ 17, 18.) In support, Plaintiff cites to Defendant's public filings with the Securities and Exchange Commission ("SEC"), specifically the Form 10-K where Defendant reported certain visa statistics. (*Id.*)

Defendant moved to dismiss, pursuant to Federal Rules of Civil Procedure[3] 12(b)(1) and 12(b)(6), any claims based on the alleged misuse of the visa process and to strike, pursuant to Rule 12(f), all allegations in the FAC related to Defendant's visa process. (Def.'s Moving Br. 23-26.) Defendant also moved to strike, pursuant to Rule 23(d), Plaintiff's employment discrimination class allegations related to applicants Defendant never hired. (*Id.* at 19-23.) The Court will address each argument in turn.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter" that "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court must accept as true all well pled factual allegations in a complaint but not mere "labels and conclusions." *Id.* The "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

Rule 12(f) motions to strike are disfavored. *See Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014); *see also DeSantis v. N.J. Transit*, 103 F. Supp. 3d 583, 596-97 (D.N.J. 2015). Motions to strike, therefore, will not be granted "unless the presence of the surplusage will prejudice the adverse party." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (citing *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). Nonetheless, the Court's determination on a motion to strike is discretionary. *Id.*; *see also Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 217 (D.N.J 1993) ("A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f).") (citation omitted). "Motions to strike are decided on the pleadings alone[.]" *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007). Because a motion to strike is not favored, a court

---

[2] Defendant moved to dismiss Plaintiff's individual and class claims based on the non-competition agreement. (Def.'s Moving Br. 11-19.) Plaintiff voluntarily withdrew those claims. (Pl.'s Opp'n 6.) Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court will enter an order dismissing Count II without prejudice.

[3] Unless otherwise noted, all references to Rules hereinafter refer to the Federal Rules of Civil Procedure.

2

will generally not grant such a motion unless the material to be stricken bears "no possible relation to the controversy and may cause prejudice to one of the parties." *See id.* at 133.

Motions to strike pursuant to Rule 23(d)(1)(D) are "generally disfavored in this circuit at the motion to dismiss stage, and the Third Circuit has acknowledged that there are 'rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'" *Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056 (D.N.J. May 31, 2017) (quoting *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011)); *see also Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2013 WL 6047556, at *3 (D.N.J. Nov. 12, 2013) ("[I]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still ongoing."). Courts in this district have refused to grant motions to dismiss where the defendant attacked the plaintiff's representative capacity at the pleading stage. *Id.*

### III. Discussion

#### A. Motion to Dismiss

Defendant moved to dismiss portions of the FAC pursuant to Rule 12(b)(1) and 12(b)(6). (*See generally* Def.'s Moving Br.) Defendant construes Plaintiff's claim of employment discrimination as an abuse of the visa process claim. (*Id.* at 23.) Defendant argues that the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.* ("INA") does not contain a private cause of action. (*Id.*) Defendant's first sentence, however, belies its characterization of Plaintiff's claim. (*Id.*) Defendant argues that "Plaintiff devotes a significant portion of the [FAC] alleging that [Defendant] has overused or abused the H-1B visa process, *asserting that [Defendant] has a preference for foreign-born workers and non-citizens*." (*Id.* (citing FAC ¶ 16- 18, 22) (emphasis added).)

Defendant's alleged preference for South Asians is the crux of Plaintiff's employment discrimination claim. (*See generally* FAC.) Plaintiff states that Defendant has "instituted four corporate practices to fulfill its discriminatory preferences." (*Id.* ¶ 16.) Plaintiff alleges that "[Defendant] engages in a practice of securing H-1B and L-1 visas for South Asian workers located overseas who will then be used to staff U.S. positions." (*Id.*) Plaintiff also alleges that "[a]ll, or substantially all, of the individuals for whom [Defendant] secures visas are South Asian. . . . Non-South Asians are then disproportionately relegated to the bench, as jobs are given to visa-holding South Asians from India and Sri Lanka." (*Id.* ¶ 18.) Regardless of Defendant's mischaracterization, neither party cites case law binding on the Court on whether visa statistics can support an employment discrimination claim.

Defendant cites to *Biran v. JP Morgan Chase & Co.*, No. 02-5506, 2002 WL 31040345 (S.D.N.Y. Sept. 12, 2002) (dismissing claims alleging a violation of the INA claiming abuse of the visa process for lack of subject matter jurisdiction and failure to state a claim). (Def.'s Moving Br. 24.) Defendant relies on *Biran* for the proposition that the INA does not contain a private cause of action. (*Id.* at 24-25.) In *Biran*, however, a pro se plaintiff brought a claim "pursuant to

[the INA]." *Biran*, 2002 WL 31040345. *Biran* is inapposite because the *Biran* plaintiff explicitly attempted to litigate violations of the INA in an improper forum, *i.e.* a federal district court. *Id.*

Plaintiff, however, cites *Heldt v. Tata Consultancy Servs. Ltd.*, 132 F. Supp. 3d 1185 (N.D. Cal. 2015). (Pl.'s Opp'n Br. 10.) In *Heldt*, the court denied motions to dismiss and strike allegations of employment discrimination where the plaintiff alleged a discriminatory scheme based on the defendant's visa statistics. 132 F. Supp. 3d. at 1190, 1193. There, like here, the plaintiff brought an employment discrimination claim pursuant to 42 U.S.C. § 1981.[4] (*Compare Heldt*, 132 F. Supp. 3d. 1185 *with* FAC.) Because the visa statistics were in support of the discrimination claim, the *Heldt* court found that, despite the defendant's assertions to the contrary, the plaintiff did not raise a claim for violation of the INA. *Heldt*, 132 F. Supp. 3d. at 1191. The *Heldt* Court emphasized that allegations regarding a defendant's visa application practices do not deprive a district court of jurisdiction merely because a defendant attempts to recast the plaintiff's claim of employment discrimination as a violation of the INA. *Id.*

Here, unlike in *Biran*, there is no claim for a violation of the INA. Rather, "[Plaintiff]'s claims are premised, in part, on [Defendant]'s reliance on the visa program to effectuate its discriminatory objective—not on the abuse of the visa process *per se*." (Pl.'s Opp'n Br. 11.) These allegations closely resemble those in *Heldt*, 132 F. Supp. 3d at 1189. Plaintiff's allegations concerning Defendant's visa practices are fundamental to Plaintiff's employment discrimination claim, not the basis of a separate claim. (*See* FAC ¶¶ 16-18.)

Given Plaintiff's unambiguous allegations of employment discrimination, the Court finds *Heldt* persuasive. Defendant's characterization of Plaintiff's allegation as raising an abuse of visa process claim under the INA is not persuasive because Plaintiff clearly states that the allegations support a § 1981 claim, not an INA claim. (*See id.*; Pl.'s Opp'n Br. 11) The Court, accordingly, denies Defendant's motion to dismiss this claim.

### B. Motion to Strike

Defendant also moved to strike, pursuant to Rule 12(f), any allegations regarding its visa practices as "immaterial, impertinent, and are asserted solely to portray [Defendant] in a negative light." (Def.'s Moving Br. 26.) Plaintiff argues that the visa allegations support the discrimination claim. (Pl.'s Opp'n Br. 10.) Additionally, Plaintiff cites to Defendant's public filings with the SEC for the visa statistics. (FAC ¶ 17 (citing Virtusa Corp., Annual Report, (Form 10-K) at 26 (Mar. 31, 2018)).) Defendant's characterization of Plaintiff's allegations is unpersuasive because the factual allegations support Plaintiff's claim and are sourced from Defendant's own public filings. *See Gray*, 22 F. Supp. 3d 373; *see also Tonka*, 836 F. Supp. at 217. Because motions to strike—at this stage of the litigation—are disfavored and the allegations are reasonably related to the claims, the Court denies the motion to strike.

Defendant further argues that pursuant to Rule 23(d)(1)(D), the Court must strike the class allegations in the FAC and dismiss the failure to hire claim. (Def.'s Moving Br. 19-21.) Although

---

[4] In *Heldt*, the plaintiff also asserted a Title VII claim based on the same underlying behavior. *Heldt*, 132 F. Supp. 3d. at 1189.

4

Plaintiff has not yet moved to certify a class, Defendant makes substantive attacks on Plaintiff's representative capacity under Rule 23. (*See generally id.*) Defendant, relying on case law discussing class certification, asserts that Plaintiff's class claims for failure to hire must fail. (*Id.* at 19-23.) Defendant attacks the "typicality" and "commonality" requirements because Plaintiff was hired and, therefore, not similarly situated with those who were not hired. (*Id.*)

Plaintiff, however, alleged that Defendant's discriminatory employment practices placed him in the same position as those not hired. (FAC ¶¶ 14, 18.) Here, Defendant failed to establish that this is one of the rare cases in which the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. *See Landsman*, 640 F.3d at 93 n.30. The Court, therefore, declines to reach the merits of Defendant's challenge to Plaintiff's representative capacity until the matter is properly before the Court on a motion to certify the class.[5]

IV. Order

For the reasons set forth above, and for other good cause shown,

IT IS on this 30th day of April 2019 **ORDERED** that:

1. Defendant's Motion to Dismiss and Strike Portions of the Complaint (ECF No. 11) is **DENIED**.

2. Count II of the Amended Complaint is **DISMISSED** without prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[5] As Defendant noted, class certification requires "rigorous analysis" of Rule 23 requirements. (Def.'s Moving Br. 20 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).)