UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO SUGG, individually and on behalf of others similarly situated. | : : : : : |
| Plaintiffs, | : Civil Action No. 18-8036 (MAS)(DEA) : |
| v. | : **MEMORANDUM OPINION & ORDER** : |
| VIRTUSA, et al. | : : |
| Defendants. | : : |

Prior to the submission of the current dispute (which is set out in detail in the parties' joint submission to the Court dated September 8, 2020), counsel negotiated and agreed on the scope of Defendant's search and collection efforts including the custodians subject to the search, the search terms to be used, and the document requests subject to the search. Specifically, the parties agreed to conduct ESI searches from 32 custodians using Boolean search terms for documents responsive to 15 of Plaintiff's document requests and four of his interrogatories. Despite their efforts, the parties have reached an impasse as to whether two additional custodians should be included in the ESI search and whether documents responsive to two more of Plaintiff's document requests, a portion of a third request, and two additional interrogatories should be produced by Defendant.

I. LEGAL STANDARD

Pursuant to Federal Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "It is well established that the scope of discovery in federal litigation is

broad." Fed R. Civ. P. 26(b)(1)." *Baier v. Princeton Office Park, L.P.*, No. 08-5296, 2018 U.S. Dist. LEXIS 180612, at *5 (D.N.J. Oct. 22, 2018). This may be particularly true in class actions where "'[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation'" and "'[the] parties will benefit from broad discovery, as the court, when ruling on class certification, will have the necessary data before it to determine if the requirements of Fed. R. Civ. P. 23(a) are met.'" *Barton v. RCI, LLC*, No. 10-3657, 2013 U.S. Dist. LEXIS 46590, at *8 (D.N.J. Mar. 28, 2013) (citations omitted). However, discovery is not without limit.

As the threshold, the discovery sought must be relevant. The burden is on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *In re EthiCare Advisors, Inc.*, No. 20-1886, 2020 WL 4670914, at *3 (D.N.J. Aug. 12, 2020). In addition, the discovery sought must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1)."

Virtusa has already produced a volume of documents and data and based on the parties' current plan, has agreed to produce more. Defendant maintains that Plaintiff's additional discovery requests exceed the needs of the case and are not "proportional". The concept of proportionality was added to Rule 26 "to deal with the problem of over-discovery. The objective is to guard against redundant or disproportionate discovery . . . ." Fed.R.Civ.P. 26, Advisory Committee's notes.

II. ANALYSIS

**1. Plaintiff's request to compel Kris Canekeratne and Samir Dhir to be included as custodians in Virtusa's ESI search**

To date, Virtusa has produced over 5,000 pages of documents, including emails and numerous reports and Excel files with data responsive to Plaintiff's interrogatories and document

2

requests. In so doing, Virtusa agreed to include most of the custodians (*i.e.*, 32) proposed by Plaintiff. Virtusa also agreed to essentially all of the search terms proposed by Plaintiff resulting in approximately 1,200 searches per custodian.

The 32 custodians presently included in the ESI searches include several high-ranking executives in the company, as well as the heads of several relevant business groups (*e.g.* immigration, talent acquisition, and staffing) and Plaintiff's direct supervisor. In addition, Plaintiff seeks to include two of Virtusa's most senior executives, CEO Kris Canekeratne and President Samir Dhir.

Defendant maintains that including Canekeratne and Dhir would be duplicative of the custodians it has already agreed to produce and, further, that they do not possess any unique documents that would not otherwise be discovered in the agreed upon ESI search. The individuals Virtusa has already agreed to include as custodians are the top employees in each of the departments with the most relevant knowledge about hiring, staffing, promotions, immigration and diversity issues.

Virtusa has also agreed to include many of their direct reports and subordinates. As a result, Plaintiff will have access to the most relevant custodians and the custodians with the most relevant emails on the topics at issue in this lawsuit. Adding Canekeratne and Dhir as custodians is duplicative because if either individual were communicating about staffing, hiring, visas, immigration, or diversity, etc., they would be communicating with one of the 32 individuals who are already subject to the ESI searches.

Virtusa is not objecting to producing the emails of either Canekeratne or Dhir if they uncovered through the searches of the agreed upon custodians. Thus, Plaintiff is not being denied

3

access to their emails. Plaintiff has not demonstrated that either Canekeratne or Dhir has any unique knowledge beyond whatever the global heads and top executives may possess.

Plaintiff's argument that either Canekeratne or Dhir may have discussed Plaintiff in an email in which none of the other 32 custodians are copied, and that email is responsive to one of the document requests at issue is unpersuasive. Plaintiff's other relevancy arguments are also unavailing because Virtusa has already agreed to produce the emails of 32 of the most relevant custodians. Accordingly, Plaintiff's request to compel Defendant to include Canekeratne and Dhir as additional custodians is denied.

**2. Plaintiff's request to compel ESI responsive to the additional document requests and interrogatories**

In accordance with the parties' agreement, Virtusa will produce ESI responsive to 15 of Plaintiff's document requests as well as ESI related to four of Plaintiff's Interrogatories. Virtusa has objected to two document requests, a portion of a third document request, and two interrogatories, all of which seek documents or information which Defendant maintains is irrelevant, overbroad, or unduly burdensome.

i. Plaintiff's First Request for Production No. 8

Plaintiff's First Request for Production No. 8 seeks "[d]ocuments and ESI relating to complaints or grievances lodged by, or communications by, applicants and/or current or former employees of Virtusa in the U.S. concerning race or national origin discrimination, including the complaints, grievances, or communications themselves, as well as any materials created during any subsequent internal investigation stemming therefrom, and any materials filed in any subsequent agency action, litigation, arbitration, or mediation."

Although Virtusa objected to this request, it responded that there have been no complaints alleging race or national origin discrimination filed with Virtusa's Human Resources department, or any lawsuits or EEOC charges filed against Virtusa, from January 1, 2014 through the present. Nonetheless, Plaintiff seeks an ESI search of the 32 custodians in an effort to discover whether any applicant or employee may have made a complaint of discrimination which was not forwarded to Human Resources.

According to Defendant, its employees can make complaints of discrimination directly to Human Resources or, if any such complaints are made to managers or recruiters, they must be forwarded to HR for investigation. Virtusa has already searched for documents responsive to Plaintiff's request and determined that there have been no complaints made directly to HR brought to HR's attention by others alleging race or national origin discrimination against Virtusa.

Plaintiff believes, however, that there may be other complaints of race discrimination that were not sent to HR. Plaintiff suggests that the fact there have been no complaints of discrimination reported to Virtusa justifies conducting ESI searches on this topic. Defendant asserts that the fact that no employee has complained of race discrimination to HR, or that no recruiters or managers reported internal complaints to HR, is not sufficient basis to engage in additional discovery on this subject. Rather, Defendant contends, because there have been no internal complaints of race discrimination, the parties should not have to engage in additional ESI searches of all 32 custodians on the speculative chance that some unreported claim of discrimination exists. The Court agrees and Plaintiff's request is denied.

ii. Plaintiff's Third Request for Production No. 6

Plaintiff's Third Request for Production No. 6 seeks, "[f]or employees located in the U.S.

between 2014 and the present, produce all performance reviews, performance improvement plans, appraisal scores, and any objections or complaints by employees regarding performance, performance improvement plans, appraisal scores, promotions, or terminations." Defendant objects to this Request on the grounds that it seeks documents which are not relevant to Plaintiff's individual or class claims, is not proportional to the needs of the case, and is overbroad and unduly burdensome. Defendant further objects to this request as premature because class certification has not been granted.

After Plaintiff agreed to limit the scope of this request to the production of "appraisal scores and all performance reviews", Virtusa agreed to produce the performance appraisal data showing each U.S. employee's performance score (*i.e.*, meets expectations, exceeds expectations, partially meets expectations, etc.) for each year during the class period. On December 2, 2019 Virtusa produced over 25,000 ratings showing the overall performance ratings for all employees who worked in the United States for 2014 through 2019. Virtusa also provided the HR data necessary to match the performance ratings of these employees to promotions, terminations, and other job actions. Thereafter, Plaintiff sought additional performance review data to which Defendant objected, arguing that additional ESI relating to performance evaluations and performance improvement plans is irrelevant in light of the fact that Virtusa has produced the ratings for each employee.

Plaintiff later raised this issue with the Court and in response Defendant argued, among other things, that the additional performance review documents sought by Plaintiff are irrelevant to class discovery. During a conference with counsel on March 30, 2020, the Court determined that Plaintiff is not entitled to the additional performance data. ESI relating to individual

performance evaluation details, performance improvement plans, and complaints relating to performance are irrelevant to Plaintiff's anticipated motion for class certification.

One of the required elements under Fed. R. Civ. P. 23 is a "common contention … capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 341 (2011). Plaintiff does not offer any persuasive reason why he needs additional ESI relating to the individual performance evaluations when Defendant has already produced the performance ratings. Information about individual employees' goals and their managers' evaluations is the sort of individualized assessment that is inappropriate for class discovery.

Accordingly for the same reasons previously stated, Plaintiff's request for additional ESI relating to "performance reviews, performance improvement plans, appraisal scores, and any objections or complaints by employees regarding performance, performance improvement plans, appraisal scores, promotions, or terminations" is denied.

iii. Plaintiff's Third Request for Production No. 4

Plaintiff's Third Request for Production No. 4 seeks, "documents and ESI relating to the staffing of positions in the United States, including but not limited to any instructions or guidance concerning staffing an actual or prospective customer project with a non-visa-dependent or a visa dependent Virtusa employee, the securing of visas to staff customer projects, the availability of visa-dependent Virtusa employees overseas, on the bench, or on another project, the availability of non-visa-dependent Virtusa employees on the bench or on another project, or the displacement and/or outsourcing of the customer's workforce to Virtusa

(including, *e.g.*, the performance of any knowledge transfer from the customer's workforce to Virtusa's workforce)."

Virtusa has agreed to conduct ESI searches relating to this request except for, "Documents and ESI relating to . . . the displacement and/or outsourcing of the customer's workforce to Virtusa (including, *e.g.*, the performance of any knowledge transfer from the customer's workforce to Virtusa's workforce)." Virtusa's objection is based on Plaintiff's clarification of the phrase "the displacement and/or outsourcing of the customer's workforce to Virtusa (including, *e.g.*, the performance of any knowledge transfer from the customer's workforce to Virtusa's workforce)," to mean, "documents reflecting the replacement of a Virtusa's client's own workforce with Virtusa employees, and the displaced workers' training of Virtusa's employees (*i.e.*, a knowledge transfer)."

Defendant maintains that information sought is irrelevant to Plaintiff's individual and class claims in this case. While Plaintiff alleges that Virtusa discriminates against its non-South Asian employees, this request seeks to uncover information related to alleged discrimination against employees of Virtusa's clients not Virtusa employees.  While Plaintiff claims this portion of the request is relevant to show that "Virtusa chooses to staff U.S. positions with less knowledgeable South Asians", whether Virtusa's clients may have engaged in discrimination against their employees is not relevant to Plaintiff's claims against Virtusa.

Defendant has agreed to search for documents responsive to Plaintiff's other Requests for Production including:

• Documents and ESI relating to instructions or guidance concerning staffing an actual or prospective customer project with a non-visa-dependent or a visa-dependent

Virtusa employee, the securing of visas to staff customer projects, the availability of visa-dependent Virtusa employees overseas, on the bench, or on another project, the availability of non-visa-dependent Virtusa employees on the bench or on another project;

• Documents and ESI reflecting all policies and procedures for . . . . any department involved in allocating staff (both local hires and visa workers) for U.S. positions;

• Documents sufficient to show the names of all staffing agencies who have submitted Potential Hires to Virtusa, and the names of the Virtusa employees to whom the Potential Hires were submitted; and

• Documents and ESI relating to all instructions, policies, procedures, directives, mandates, or preferences concerning . . . staffing/allocation . . . job placement of individuals with visas, promotions.

In addition, Defendant has agreed to search for and produce ESI relating to regularly created business reports that relate to staffing. Thus, the information sought by this Request is simply duplicative and unnecessary.

Finally, Plaintiff's claim that this information may identify "putative class members" because these particular individuals may have applied to jobs with Virtusa is unpersuasive inasmuch as Virtusa already produced the applicant data necessary to identify putative class members. Accordingly, Plaintiff's request is denied.

<u>iv. Plaintiff's Third Set of Interrogatories No. 1</u>

Plaintiff also seeks ESI relating to the Third Set of Interrogatories No. 1, which requires Virtusa to "[i]dentify by name, location, and content, each computer system, electronic database, and paper filing system used by Virtusa related to hiring for U.S. positions, employee allocation or unallocation (i.e., benching) for U.S. positions, U.S. visa applications, budgeting and tracking,

employee performance reviews for employees located in the U.S., promotions for employees located in the U.S., compensation for employees located in the U.S., or the termination of employees located in the U.S."

Virtusa maintains that it has already provided a detailed answer to this Interrogatory. However, if Plaintiff is also seeking ESI relating to Virtusa's computer systems, Virtusa contends the information sought is irrelevant to Plaintiff's individual or class claims and conducting extensive ESI searches to locate responsive documents is not proportional to the needs of the case.

In short, Plaintiff alleges that Virtusa discriminates against non-South Asian employees with respect to hiring, promotions, and terminations. There is no aspect of this case that relates to Virtusa's computer systems or its capabilities. Plaintiff is not entitled to an additional search of the agreed upon 32 custodians based on a subjective belief that the data provided by Virtusa may be incomplete or inaccurate.

In addition, this request appears to be duplicative of other requests. Finally, there are less burdensome ways to obtain the information Plaintiff seeks. Rather, as Defendant has suggested, Plaintiff can send an interrogatory or ask witnesses at depositions about Virtusa's computer systems. Accordingly, Plaintiff's request is denied.

v. Plaintiff's Fourth Set of Interrogatories No. 1

Plaintiff is seeking ESI relating to his Fourth Set of Interrogatories No. 1, which asked Virtusa "[b]y year from 2014 through the present, identify the number of U.S. visas Virtusa applied for, and for each such visa, identify the type, whether it was approved by the government, whether it was a new application, renewal/extension or modification, the country of origin of the sponsored employee, whether the employee traveled to the U.S. pursuant to the

visa, and if so, the dates the employee was in the U.S., the position identified on the application, the customer identified on the application, and the position(s) held by the employee once in the U.S." More specifically, it appears Plaintiff is seeking all "Visa-related information contained in emails, reports, PowerPoints, graphs, or summaries regarding Virtusa's visa filings, approvals, budgeting, travel, etc. should be produced."

Defendant maintains that it has already provided information responsive to this Interrogatory in accordance with the Court's previous Order on this subject. Further, Defendant contends that this request vague, ambiguous and overbroad because in order to respond Defendant would have to produce any document that references or relates to visas and that would render the parties' agreement to conduct targeted ESI searches for documents responsive to only some of Plaintiff's document requests using select search terms pointless. Searching for "all visa-related information" will yield material that is not relevant to Plaintiff or his class allegations. Nonetheless, Defendant has agreed to produce ESI responsive to other of Plaintiff's document requests that seek visa related information including:

 • Documents sufficient to identify the individuals responsible for setting Virtusa's visa policies and practices;

 • Documents sufficient to show the organization structure (*e.g.*, organizational charts) of any department involved in allocating staff (both local hires and visa workers) for U.S. positions, and any department involved in applying for U.S. visas or tracking U.S. visa status from 2014 to the present;

 • Documents and ESI reflecting all policies and procedures for . . . any department

11

involved in allocating staff (both local hires and visa workers) for U.S. positions, any department involved in promotions for employees in the U.S., and any department involved in applying for, budgeting for, or tracking the status of U.S. visas;

• Documents and ESI relating to the staffing of positions in the United States, including but not limited to any instructions or guidance concerning staffing an actual or prospective customer project with a non-visa-dependent or a visa-dependent Virtusa employee, the securing of visas to staff customer projects, the availability of visa-dependent Virtusa employees overseas, on the bench, or on another project, the availability of non-visa-dependent Virtusa employees on the bench or on another project; and

• Documents and ESI relating to all instructions, policies, procedures, directives, mandates, or preferences concerning recruiting, hiring, position staffing/allocation, benching, job placement of individuals with visas, promotions, and terminations.

Defendant has also agreed to produce ESI relating to Virtusa's business reports, including its reports on visas including ESI relating to visa cost reports, visa tracking reports, and visa status reports. Thus, Plaintiff will obtain the visa information he requires. Accordingly, Plaintiff's request is denied.

**3. Virtusa reserves the right to request costs in the event that pulling and hosting the email files for the requested custodians is prohibitively expensive**

Virtusa has informed Plaintiff's counsel that the cost to collect the custodians requested by Plaintiff and to perform the related the searches may be "prohibitively expensive". These costs include, among other things, collecting 32 custodians' email boxes, processing the data, and hosting the data. Virtusa has advised Plaintiff that it reserves the right to make an application to the Court for cost sharing.

Inasmuch as no such application has been presented, the Court defers any consideration of this issue.

III. CONCLUSION AND ORDER

The Court has carefully considered the arguments of the parties and, for the reasons above,

**IT IS** on this 10th day of November 2020

**ORDERED** that Plaintiff's requests as to the discovery issues presented to the Court in the September 8, 2020 joint submission are denied as set forth above.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge